1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY, a Texas Corporation, | No. [Cause Number] |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| CRESTLINE BUILDERS, LLC, a Washington limited liability company; and THE 11 @ ALKI, a Washington limited liability company, VISILIY STRIZHEUS, an individual, TOMOFEY STRIZHEUS, an individual, and PAVEL STRIZHEUS, an individual | |
| Defendants. | |

Plaintiff Clear Blue Specialty Insurance Company alleges as follows:

## I. **PARTIES**

1.     Plaintiff Clear Blue Specialty Insurance Company ("Clear Blue") is and was a Texas corporation with its principal offices located in Charlotte, North Carolina. Plaintiff Clear Blue was and is engaged in the business of property and casualty insurance. Clear Blue issued a policy of insurance with effective dates of May 18, 2017 to September 2, 2020, Policy No. AC010001022, providing commercial general liability insurance coverage to policyholder Crestline Builders, LLC ("Crestline"),

COMPLAINT FOR DECLARATORY JUDGMENT – 1
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

2.     Crestline Builders, LLC is a Washington limited liability company with its principal offices located in Pacific, Washington. Upon information and belief all members of Crestline are domiciled in Washington State and none are domiciled in Texas.

3.     Upon information and belief, Vasiliy Strizheus, Timofey Strizheus and Pavel Strizheus are or were members or affiliates of Crestline and are domiciled in Washington State. Crestline Builders, LLC and the Strizheuses shall be referred to collectively as "Crestline".

4.     Upon information and belief, the members of Defendant The 11 @ Alki, LLC ("Alki") are domiciled in Washington State and none are domiciled in Texas. Defendant Alki is named as a Defendant in this Declaratory Judgment action so it will also be bound by the determination of this Court as to Clear Blue's lack of any obligation to defend or indemnify its named insured, Defendant Crestline, for the Counterclaim Alki asserted in the King County Superior Court action styled as *Crestline Builders, LLC v. The 11 @ Alki, LLC,* King County Superior Court Cause No. 22-2-11855-5 SEA (the "underlying lawsuit").

## II.  JURISDICTION AND VENUE

4.     This Court has original jurisdiction of this matter under 28 U.S.C. §1332, in that this is a civil action between citizens of different states in which the amount in controversy exceeds, exclusive of costs and interests, $75,000.

5.     This is a claim for declaratory relief as authorized by 28 U.S.C. §2201; the Washington Uniform Declaratory Judgment Act of RCW 7.24.010, *et seq*., and by Rule 57 of the Federal Rules of Civil Procedure.

6.     Venue is proper in the Western District of Washington because all of the parties conducted business within the Western District of Washington. Clear Blue conducts business in the Western District of Washington, and Crestline and Alki conduct business in the Western

COMPLAINT FOR DECLARATORY JUDGMENT – 2
CAUSE NO.

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

4879-2343-4374, v. 2

District of Washington. The underlying lawsuit involves a contract between Crestline and Alki for the performance of construction services at 1118 and 1122 Alki Avenue SW in Seattle, Washington, 98178 (the "Agreement"), commonly referred to as the Alki condominium project (the "Property"). The Property is located in Seattle, Washington, within the Western District of Washington.

## III.  FACTUAL BACKGROUND

### A.     The Facts Giving Rise to the Underlying Lawsuit

7.     This matter concerns insurance coverage for the defense and indemnity of a Counterclaim brought by Alki in the underlying lawsuit in King County Superior Court. That action is styled as *Crestline Builders, LLC v. The 11 @ Alki, LLC,* King County Superior Court Cause No. 22-2-11855-5 SEA ("Underlying Lawsuit").

8.     The Underlying Lawsuit alleges that Crestline and Alki entered into the Agreement on or about April 6, 2017. Crestline agreed to provide construction services to Alki at the Property. Alki agreed to pay Crestline for its services at the Property.

9.     Crestline initiated the underlying lawsuit in King County Superior Court. Crestline's Complaint alleges Alki had not paid Crestline as it was obligated to under the Agreement. Crestline filed and served the Complaint in the underlying lawsuit on or about July 27, 2022.

10.     Alki filed an Answer, Affirmative Defenses, and Counterclaim in the underlying lawsuit on or about September 9, 2022. Alki's Counterclaim alleges Crestline caused delay of the Project and did not complete its work under the Agreement. Alki alleges Crestline "refused to finish construction as required under the Agreement, or to provide Alki with information necessary to procure a certificate of occupancy from the City of Seattle, unless and until Alki paid additional

COMPLAINT FOR DECLARATORY JUDGMENT – 3
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    sums that were not owed under the Agreement." Alki's Counterclaim seeks to recover more than

2    $10,000,000 in damages from Crestline.

3        11.    Alki's Counterclaim alleges claims for (1) breach of contract, (2) tortious

4    interference with a business expectancy, (3) tortious interference with a contractual relationship,

5    and (4) unfair or deceptive acts or practice in violation of RCW 19.86 *et al*. All allegations of

6    Alki's Counterclaim arise from the alleged delay and noncompletion of Crestline's work under the

7    Agreement.

8        12.    Crestview tendered Alki's Counterclaim to Clear Blue for defense and indemnity

9    on or about September 13, 2022.

10       13.    Pursuant to a Reservation of Rights Letter dated October 17, 2022 and a subsequent

11   Reservation of Rights Letter dated November 23, 2022, Plaintiff Clear Blue investigated the claim

12   and whether defense or indemnity would be owed. Clear Blue ultimately agreed to defend Crestline

13   under a full reservation of rights once Crestline showed its Self-Insured Retention had been

14   satisfied.

15       14.    Clear Blue issued Policy No. AC010001022 with effective dates of May 18, 2017

16   to September 2, 2020 to Crestline (the "Policy"). It is an Owner-Controlled Insurance Program

17   that provides liability insurance. Commercial General Liability Form CG 00 01 04 13 provides, in

18   pertinent part:

19       **SECTION I – COVERAGES**
         **COVERAGE A BODILY INJURY AND PROPERTY**
20       **DAMAGE LIABILITY**

21       1.    **Insuring Agreement**

22            a.    We will pay those sums that the insured becomes
                   legally obligated to pay as damages because of
23                 "bodily injury" or "property damage" to which this

COMPLAINT FOR DECLARATORY JUDGMENT – 4
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

1.      The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

2.      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b.      This insurance applies to "bodily injury" and "property damage" only if:

1.      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

***

2.      The "bodily injury" or "property damage" occurs during the policy period, except for "bodily injury" or "property damage" included in the "products- completed operations hazard". For "bodily injury" or "property damage" included in the "products-completed operations hazard" the "bodily injury" or "property damage" occurs during the policy period or within the "contractors products-completed operations period"; and

COMPLAINT FOR DECLARATORY JUDGMENT – 5
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

* * *

3.      Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

***

With respect to the "products-completed operations hazard" only, the temporary or permanent dwelling unit you construct:

a.      Is transferred to others during the term of the policy or

b.      You have received a valid Certificate of Occupancy during the term of this policy by the municipality having jurisdiction over the location.

***

c.      "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1**. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

COMPLAINT FOR DECLARATORY JUDGMENT – 6
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

1.      Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

2.      Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

3.      Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

2.      **Exclusions**

This insurance does not apply to:

b.      **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

1.      That the insured would have in the absence of the contract or agreement; or

2.      Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

a.      Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

COMPLAINT FOR DECLARATORY JUDGMENT – 7
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

b.      Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

**j.      Damage To Property**

"Property damage" to:

**(6)**     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

* * *

**m.      Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

2.      A defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or

3.      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.      Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall,

COMPLAINT FOR DECLARATORY JUDGMENT – 8
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

4879-2343-4374, v. 2

inspection, repair, replacement, adjustment, removal or disposal of:

3. "Your product";

4. "Your Work"; or

5. "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\*\*\*

This insurance does not apply to "bodily injury" or "property damage" arising out of any temporary or permanent dwelling unit, which prior to the effective date of this policy, you transferred to others or received a valid Certificate of Occupancy.

\*\*\*

The Policy also contains Endorsement CG 21 44 07 98 – Limitation of Coverage to Designated Premises or Project, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Premises:**
1118 & 1122 Alki Ave SW, Seattle, WA 98116

**Project:**
11 Condo Units in 1 Building in 6 Stories

COMPLAINT FOR DECLARATORY JUDGMENT – 9
CAUSE NO.

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1.      The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.      The project shown in the Schedule.

***

The Policy also contains Endorsement CBGL330198 – Defense of Claims or Suits, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**DEFENSE OF CLAIMS OR SUITS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTY COVERAGE FORM

**SECTION   IV—COMMERCIAL   GENERAL   LIABILIY CONDITIONS** is amended to add the following:

**Obligation to Defend Action**

a.      If a conflict of interest arises which creates a duty on our part to provide the insured with independent counsel, we will provide such counsel unless, at the time we inform the insured of the possible conflict, the insured expressly waives, in writing, the right to such independent counsel.

b.      When the insured has selected independent counsel:

COMPLAINT FOR DECLARATORY JUDGMENT – 10
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

1.    We require that the selected counsel have at least five years of tort litigation practice, which includes substantial defense experience in the subject at issue in the litigation, and they must carry errors and omissions coverage.

2.    It will be the duty of such counsel and the insured to disclose to us all information concerning the action, except privileged materials relevant to coverage disputes, in a timely manner to inform and consult with us on all matters relating to the action. Any claim of privilege asserted is subject to in camera review in the appropriate law and motion department of the Superior Court. Any information disclosed by the insured or by such counsel is not a waiver of the privilege as to any other party; and

3.    Both the counsel provided by us and the counsel the insured has selected shall be allowed to participate in all aspects of the litigation. Counsel shall cooperate fully in the exchange of information consistent with each counsel's ethical and legal obligation to the insured. Nothing in this section shall relieve the insured of their duty to cooperate with us under the terms of this policy.

c.    Our obligation to pay fees to counsel selected by the insured is limited to the rates which we actually pay to counsel we retain in the ordinary course of business in the defense of similar actions in the community.

d.    No conflict of interest shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy limits.

***

The Policy also contains Endorsement CBGL330203 0816 – Extended Products – Completed Operations Hazard – Applicable Law Endorsement, which provides:

COMPLAINT FOR DECLARATORY JUDGMENT – 11
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXTENDED PRODUCTS - COMPLETED OPERATIONS HAZARD - APPLICABLE LAW ENDORSEMENT**
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM

1.   **SECTION I – COVERAGES, COVERAGE A— BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **1. Insuring Agreement, b. (2)** is deleted and replaced with the following:

   **(2)**   The "bodily injury" or "property damage" occurs during the policy period, except for "bodily injury" or "property damage" included in the "products-completed operations hazard." For "bodily injury" or "property damage" included in the "products-completed operations hazard" the "bodily injury" or "property damage" occurs during the policy period or within the "contractors product-completed operations period"; and

2.   **SECTION I – COVERAGES, COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **1. Insuring Agreement, b.** is amended to add the following:

   With respect to the "products-completed operations hazard" only, the temporary or permanent dwelling unit you construct:

   a.   Is transferred to others during the term of the policy or

   b.   You have received a valid Certificate of Occupancy during the term of this policy by the municipality having jurisdiction over the location.

3.   **SECTION I – COVERAGES, COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **2. EXCLUSIONS** is amended to add the following:

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

This insurance does not apply to "bodily injury" or "property damage" arising out of any temporary or permanent dwelling unit, which prior to the effective date of this policy, you transferred to others or received a valid Certificate of Occupancy.

4.    **SECTION V- DEFINITIONS** is amended to add the following definitions:

"Contractors products – completed operations period" means during the period of time allowed by the applicable law at the policy inception for claims or "suits" to be brought against the insured.

The "contractors products—completed operations period" described in this endorsement is considered part of the original policy period for purposes of determining the Limits of Insurance. The Products-Completed Operations Aggregate Limit applies for the entire policy period including the "contractors product-completed operations period".

\*\*\*

The Policy also contains Endorsement CBGL330217 0816 – Premises Extension Endorsement, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**PREMISES EXTENSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following **Section I, Coverage A Bodily Injury and Property Damage** is amended as follows:

The insurance provided each insured under this policy is hereby extended to include coverage for those sums an insured becomes legally obligated to pay as damages because of "bodily injury" and "property damage" caused by an "occurrence" arising out of any

COMPLAINT FOR DECLARATORY JUDGMENT – 13
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

warranty or warranty repair work performed by any insured for projects or dwellings covered under this policy where such work is performed after the expiration of the policy term.

The insurance provided under this endorsement only applies to work performed as absolutely required by an approved written new-home warranty or the right-to-repair warranty requirements established by statute or regulation.

This is a limited extension of coverage beyond the policy term and shall be subject in all respects to the terms, conditions and exclusions contained in the policy. In no event shall coverage under this endorsement apply after the expiration of the coverage provided by the Extended Products and Completed Operations Hazard Endorsement attached to this policy.

This endorsement notwithstanding, we do not cover claims or 'suits' alleging "bodily injury" or "property damage" arising from the alleged or actual breach of any warranty or right-to-repair statute or regulation. For the purposes of this endorsement, "warranty" refers to a written agreement issued by the developer, owner or builder in favor of the initial or subsequent purchaser which provides that the developer, owner or builder will make repairs and correct deficiencies to the house, dwelling or structure for an agreed period of time. The costs of such repairs and damages shall be solely the responsibility of the owner, developer or builder.

The insurance provided under this endorsement does not apply where the insured has other available Commercial General Liability insurance covering "bodily injury" or "property damage" at the premises in effect at the time of the "occurrence" unless such other insurance excludes prior completed operations.

***

The Policy also contains Endorsement CBGL330223 0816 – Self-Insured Retention Endorsement. It provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**SELF-INSURED RETENTION ENDORSEMENT**
**Loss Adjustment Expense Included in Retention**

This endorsement modifies insurance provided under the following:

COMPLAINT FOR DECLARATORY JUDGMENT – 14
CAUSE NO.

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**Self Insured Retention:** $25,000   **Shown in the Declarations Each Occurrence of Offense**

This Insurance provided by this policy is subject to the following additional provisions:

1. The Limits of Insurance shown in the Declarations will apply in excess of the "Self Insured Retention" shown in the Declarations. You agree not to insure or reinsure the retained limit without our knowledge and written permission. Our obligation under the policy applies only to the amount excess of the "Self Insured Retention". This policy will not drop down to assume or satisfy your obligation under the "Self Insured Retention" for any reason, including but not limited to the insolvency, bankruptcy, receivership of the insured or the refusal or inability of the insured to satisfy its obligations pursuant to this endorsement.

   The "Self Insured Retention" limit shown in the Declarations will be reduced by any "loss" or "loss adjustment expense" you incur.

2. You have the obligation to provide proper defense and investigation of any claim or suit. We have the right, but no obligation, in all cases, at our own expense to assume and take charge of the defense and/or settlement of any claim or suit, and, upon our written request, you must tender such portion of the "Self Insured Retention" as we may deem necessary to complete the settlement of such claim.

   Once the "Self Insured Retention" limit shown in the Declarations has been properly exhausted, we will have the right and duty to defend you against any claim or suit.

   You will accept any offer of settlement within the "Self Insured Retention" deemed reasonable by us. We will not pay any loss, cost or expense above what we would have paid had the loss been settled for any reasonable offer within the "Self Insured Retention".

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

3.    The Condition, **Duties In the Event of Occurrence, Offense, Claim Or Suit,** contained in **SECTION IV** of the Commercial General Liability Coverage Form is deleted in its entirety and replaced with the following:

**Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.    You must report to us as soon as practicable each suit, claim or loss for which your estimated amount of loss, including "loss adjustment expense", is 50% or more of the amount of the "Self Insured Retention". You must also report all cases of serious injury including but not limited to the following.

1.    Spinal Cord Injury—paraplegia, quadriplegia;

2.    Amputations;

3.    Brain Damage affecting mentality or central nervous system—such as permanent disorientation, behavior disorder, personality change, seizures, motor deficit, inability to speak (aphasia), Hemiplegia or unconsciousness (comatose);

4.    Blindness

5.    Burns—3rd Degree over 10% or more of the body or 2nd Degree over 30% of more of the body;

6.    Multiple Fractures—involving more than one member or non-union;

7.    Fracture of both heel bones (fractured bilateral or ciacis);

8.    Nerve Damage causing paralysis or loss of sensation in arm or hand (brachial plexus nerve damage);

9.    Internal injuries affecting body organs;

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

10. Injury to nerves at base of spinal cord (Cauda Equina) or any other back injury resulting in incontinence of bowel and/or bladder;

11. Fatalities;

12. Sexual Assault/Molestation;

13. Environmental/Hazardous waste;

14. Any other serious injury, which, in your judgment, might involve us.

15. Any claim involving multiple homeowners regardless of exposure.

16. Any warranty complaints you are currently servicing in which you do no intend to repair any portion of the resulting damages.

17. Any claims alleging exposure to toxic mold.

You must advise us of the estimated amount of loss including "loss adjustment expense" in connection with each claim of loss and of any subsequent changes in such estimates.

b. You must cooperate with us and, upon our request, assist in making settlement in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to you because of liability with respect to which insurance is afforded under this policy. You must attend hearings and trials and assist in securing and giving evidence and obtaining witnesss.

4. You, or your Designated Administrator listed in 6. below, must provide us quarterly reports of all claims or incidents occurring within the "Self Insured Retention" including a description of each claim and amounts paid and/or reserved. Each report is to be submitted within twenty (20) days following the end of each quarterly period.

5. You must at all times:

COMPLAINT FOR DECLARATORY JUDGMENT – 17
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

a.    Give us such information and assistance as we may require; and

b.    Assist in the defense of any claim, subject to **Item 3.** of this endorsement.

6.    Based upon the unique nature of this program and the need to coordinate General Liability Insurance and Warranty programs, the insured agrees to retain the approved Third Party Administrator designated below (the "Designated Administrator") as its self-insurance service company for the purposes of providing claims service at its expense. The approved Designated Administrator will provide service and coordination for claims under the "Self Insurance Retention" on behalf of the insured and under the control of the insured. However, this service will not be terminated or altered without our express written permission. The insured's agreement to enter into and abide by the terms and conditions of the contact with the approved Designated Administrator, including payment and advance deposit of funds when a claim is reported, is a material representation under this policy.

You must select, employ and report all claims or losses to your Designated Administrator (as shown below) for the purpose of providing claims service under your "Self Insured Retention".

However, you must comply with **Item 3.** and **Item 4.** of this endorsement with respect to reporting certain types of claims directly to us.

**Designated Administrator:** Network Adjusters, Inc.
Attention: SIR Unit

7.    For the purpose of this endorsement, the following definitions are added:

a.    "Loss" means those sums that you become legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which the insurance afforded under the policy to which this endorsement is attached applies.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

b.    "Loss adjustment expense" means claim expenditures including, but not limited to, defense costs, court costs and such other costs that are reasonably necessary for the proper defense and investigation of any claim.

"Loss adjustment expense" does not include the administrative costs or fees of any Administrator designated or appointed by you for the purpose of providing claims services under your "Self Insured retention". These administrative costs or fees are your sole responsibility.

c.    "Self Insured Retention" means the amount of dollars, including "loss adjustment expense", for which the Named Insured is responsible for each "occurrence" or offense, irrespective of the number of claims which may be joined in to any one "suit" or claim.

\*\*\*

The Policy also contains Endorsement CBGL330230 0816 – Amendment – Property Damage, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**AMENDMENT—PROPERTY DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

A.    **SECTION I- COVERAGES, COVERAGE A— BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **2. Exclusions** is amended as follows:

The following exclusions are deleted:

Exclusion Item 2 (j) (2) and (5) "Damage to Property"; Exclusion Item 2 (k) "Damage to Your Product"; and Exclusion Item 2 (l) "Damage to Your Work".

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

This endorsement only applies when:

1.     It is made part of a policy which also includes the Addition of Named Insureds endorsement and

2.     All subcontractors and independent contractors of the insured:

     a.     Are "enrolled in the "Program"; or

     b.     Have been issued a Certificate of Non-enrollment by the Program's Wrap Administrator.

B.     For the purpose of this endorsement, the following definitions are added to **SECTION V- DEFINTIONS:**

1.     "Enrolled" or "enrollment" means each of the following conditions for authorized participation in the Owner or Contractor Controlled Insurance Program established for the "project" have been met:

     a.     The execution of a subcontractor contract or agreement covering work that is part of the "project", if such contract or agreement stipulates "enrollment" and such contract has been approved in writing by the "wrap administrator";

     b.     The "wrap administrator" issues the independent contractor a Certificate of Enrollment in the Owner or Contractor Controlled Insurance Program; and

     c.     Such "enrollment" must take place prior to any "occurrence" for which coverage is sought under this Policy.

2.     "Project" means that project listed in the LIMITATION OF COVERAGE TO DESIGNATION PREMISES OR PROJECT endorsement, attached to this policy.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

3.      "Wrap administrator" means the party designated by us to administer the Owner or Contractor Controlled Insurance Program for the "project".

\*\*\*

The Policy also contains Endorsement CBGL330291 08 16 – Warranty Requirement Endorsement - Change in Self Insured Retention, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**WARRANTY REQUIREMENT ENDORSEMENT— CHANGE IN SELF INSURED RETENTION**

This endorsement modifies insurance provided under the following:

GENERAL LIABILITY COVERAGE FORM

**SCHEDULE**

Indicate with an "X" the Warranty Requirements as described in B.2. below:

\_\_\_\_\_ 2-10 Warranty
\_\_\_\_\_ 10 Year Structural Only Warranty
\_\_X\_\_ Builder Backed Warranty

A.      The Self Insured Retention shown in the SELF INSURED RETENTION ENDORSEMENT is increased to (2) two times the amount shown, subject to a minimum retention of $50,000 and a maximum increase in the Self Insured Retention of $50,000 for "property damage" to any dwelling unit you construct or sell, arising out of "your work" or any part of it performed on such dwelling unit and included within the "products- completed operations hazard."

B.      This increase in Self Insured Retention only applies if:

1.      During the policy period you were:

a.      The seller of a dwelling unit; or

COMPLAINT FOR DECLARATORY JUDGMENT – 21
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

b. The general contractor for the construction of a temporary or permanent dwelling unit for an owner/developer; and

2. You have not met the following:

a. The sale of that dwelling unit or the construction services include an approved third party new home warranty that includes mandatory and binding arbitration provisions under the Federal Arbitration Act and provides the following warranty agreements as indicated with an "X" in the SCHEDULE ABOVE:

i. A <u>2-10 Warranty</u>: including one (1) year of "workmanship" coverage, two (2) years of "systems" coverage and ten (10) years of fully insured "structural" coverage for actual physical damage with coverage beginning at the close of escrow; or

ii. A <u>10 Year Structural Only Warranty</u>: including ten (10) years of fully insured "structural" coverage for actual physical damage with coverage beginning at the close of escrow; or

iii. A <u>Builder Backed Warranty</u>: including one (1) year of "workmanship" coverage; two (2) years of "systems" and ten (10) years of "structural" coverage for actual physical damage with coverage beginning at the close of escrow, provided:

C. For the purpose of this endorsement, the following definitions are added to **SECTION V- DEFINTIONS**:

1. "Structural" means actual physical damage to the designated load-bearing elements of the property caused by failure of such load bearing elements which affects their load-bearing functions to the

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

extent that the property becomes unsafe, unsanitary, or otherwise unlivable.

2.    "Systems" means defects in the electrical, plumbing and mechanical systems to the extent stated in the written construction quality standards provided by the warranty provider.

3.    "Workmanship" means defects in materials and workmanship as defined in the written construction quality standards provided by the warranty provider.

      \*\*\*

15.    The above-quoted insuring language potentially provides coverage for "property damage" at the Property caused by an "occurrence" for which Crestline is liable.

16.    Alki's Counterclaim alleges Crestline breached the Agreement by failing to timely perform its construction services. Alki's Counterclaim also alleges Crestline tortiously interfered with Alki's business expectancy and contractual relationship. Alki's Counterclaim further alleges Crestline violated the Washington Consumer Protection Act, RCW 19.86.

17.    Alki's Counterclaim does not allege "property damage" resulting from an "occurrence" for which Crestline is liable. Alki's Counterclaim does not allege facts sufficient to constitute an "occurrence" or "property damage" as those terms are defined in the Policy. Rather, the Counterclaims concern certain business risks and contractual disputes that the Policy does not cover.

18.    Alki alleges Crestline intentionally breached the Agreement, interfered with Alki's business expectancy and contractual relationship, and committed unfair or deceptive acts or practice in violation of RCW 19.86 *et al*. The Policy does not cover intentional conduct. There must be an "occurrence," as defined in the Policy, for coverage to exist. An "occurrence" is an

COMPLAINT FOR DECLARATORY JUDGMENT – 23
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

accident, not intentional conduct. In addition, Exclusion 2.a., "Expected Or Intended Injury," expressly excludes coverage for injuries intended by the insured.

## IV.  **JUSTICIABLE CONTROVERSY**

19.     An actual and justiciable controversy exists between Plaintiff Clear Blue and Defendant Crestline as to whether there is insurance coverage under Clear Blue Policy No. AC010001022 issued to named insured Crestline with an effective policy period of May 18, 2017 to September 2, 2020 for the Counterclaim Alki asserts in the Underlying Lawsuit.

20.     An actual and justiciable controversy exists between Plaintiff Clear Blue and Defendant Alki as to whether the Clear Blue Policy issued to Crestline provides insurance coverage for the damages Alki seeks in its Counterclaim in the underlying lawsuit.

## V.  **FIRST CLAIM FOR RELIEF – DECLARATORY RELIEF**

21.     Plaintiff Clear Blue hereby realleges and incorporates by reference the allegations of paragraphs 1 through 20 as though fully set forth verbatim.

22.     In accordance with RCW 7.24.010 through RCW 7.24.190, Plaintiff Clear Blue seeks a ruling from this Court that the Policy is valid and enforceable under Washington law.

23.     Plaintiff Clear Blue further seeks a ruling from this Court that because the Policy is valid and enforceable, and Alki's Counterclaim does not allege "property damage" or an "occurrence" for which Crestline is liable, Clear Blue has no duty to defend or indemnify Crestline from the Counterclaim Alki asserted in the underlying lawsuit.

24.     Plaintiff Clear Blue further seeks a ruling from this Court that because the Policy is valid and enforceable, and the intentional acts Alki alleges are not an "occurrence" as that term is defined in the Policy, it has no duty to defend or indemnify Crestline from the Counterclaim Alki asserted in the underlying lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT – 24
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

26.     Plaintiff Clear Blue further seeks a ruling from this Court that because the Expected Or Intended Injury Exclusion language of the Policy is valid and enforceable and excludes from coverage any claims for injuries intended by Crestline, Clear Blue has no duty to defend or indemnify Crestline from the Counterclaim Alki asserted in the underlying lawsuit.

## VI.  <u>PRAYER FOR RELIEF</u>

Plaintiff Clear Blue prays for the following relief:

For a Declaratory Judgment in its favor that:

1.     The Clear Blue Policy does not provide coverage for the Counterclaim Alki asserted in the underlying lawsuit.

2.     Clear Blue has no duty to defend Crestline in the underlying lawsuit.

3.     Clear Blue has no duty to indemnify Crestline in the underlying lawsuit.

4.     Clear Blue is entitled to immediately withdraw its defense of Crestline in the underlying lawsuit.

5.     For Plaintiff Clear Blue's attorneys' fees and costs to the extent permitted by law.

6.     For such other and further relief as this Court may deem just and equitable.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2

1  DATED this 9th day of November, 2023.

2

3          FORSBERG & UMLAUF, P.S.

4          *s/Ryan J. Hesselgesser*

5          Ryan J. Hesselgesser, WSBA #40720
           901 5th Ave., Suite 1400

6          Seattle, WA  98164
           Office: 206-689-8500

7          Email: RHesselgesser@FoUm.law
           *Attorneys for Plaintiff Clear Blue Specialty*

8          *Insurance Company*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY JUDGMENT – 26
CAUSE NO.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4879-2343-4374, v. 2